UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

RYAN J. BENTELE

Plaintiff,

 -vs-

VIKING CLIENT SERVICES, INC. and
MELISSA ADAMS,

Defendants,
_____/
ADAM S. ALEXANDER (P53584)
THE ALEXANDER LAW FIRM
Attorney for Plaintiff
17200 W. Ten Mile Rd., Ste. 200
Southfield, MI 48075
(248) 246-6353

MARK P. ROMANO (P44014)
ROMANO STANCROFF PC
Attorneys for Plaintiff
801 W. Ann Arbor Trail, Suite 232
Plymouth, MI 48170
(734) 207-3377
_____

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

1. Plaintiff, Ryan J. Bentele ("Plaintiff" or "Bentele"), currently resides in Cedar Springs, Michigan, and the actions alleged herein accrued in Cedar Springs, Michigan, so that venue is proper.

2. Plaintiff is a "consumer" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq ("FDCPA") at 1692a(3).

3. Defendant Viking Client Services, Inc. ("Defendant" or "Viking"), is a Minnesota

1

corporation with its agent for service of process located in Bingham Farms, Michigan;

4. Defendant Melissa Adams is an employee of Viking, and is a debt collector who was personally involved with the collection of a debt, and regularly attempts to collect debts, either directly or indirectly, in her capacity and employment with Viking.

5. Viking and Adams are "debt collectors" under the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff is a "consumer" as the term is defined in the Michigan Occupational Code, M.C.L. §339.901(f).

7. Viking is a "collection agency" as the term is defined in M.C.L. §339.901(b).

## STATUTORY STRUCTURE
## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

8. The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. 15 U.S.C. 1692.

9. Under the FDCPA, a "consumer" is a natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. 1692a(3).

10. Under the FDCPA, "debt" means any obligated or alleged obligation of a consumer to pay money arising out of transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. 1692a(5).

11. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or

2

indirectly, debts owed or due or asserted to be owed or due to another.   15 U.S.C. 1692a(6).

12.  A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. 1692e.

13.  Collection abuse takes many forms, including disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense (see *Lewis v. ACB Business Services, Inc.,* 135 F.3d 389, 398 (6th Cir.1998).

14.  Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, actual damages, and attorney's fees as determined by the Court and costs of this action. 15 U.S.C. 1692k.

15.  This court has jurisdiction over the state law claims herein, and has concurrent jurisdiction over the federal law claims, and the action is otherwise in the proper court and district.

## GENERAL ALLEGATIONS

16.  Plaintiff, Ryan Bentele, is a former Marine Sgt. who was severely injured in Iraq when a roadside bomb destroyed his Humvee in 2004.   To this day, Mr. Bentele lives with traumatic brain injury, nerve damage in his back and pelvis area, post traumatic stress disorder and chronic depression.   For his service Mr. Bentele was awarded with multiple medals and accolades including the Armed Forces Reserve Medal and the Combat Action Ribbon.

17.  Plaintiff had a credit card account with Citibank, N.A., used primarily for personal and household purposes, that was settled with Citibank, N.A.

18.  Upon information and belief, Plaintiff purchased credit protection in connection with the

subject account which served to cover the balance or a portion thereof in the event of default.

19. Over the past several years Citibank utilized various debt collectors, including Viking, to attempt to collect the alleged debt.

20. Plaintiff has repeatedly advised Citibank and each debt collector regarding the existence of the credit protection referenced above, and has consistently denied owing the alleged debt.

21. Viking and its employee/collector Melissa Adams have engaged in collection activity in connection with Mr. Bentele's alleged debt to Citibank, N.A. in violation of the FDCPA and Michigan law.

22. On or about January 23, 2014, Viking sent Plaintiff a letter at his home address, 3071 Core Ct., Cedar Springs, MI 49319, alleging that Plaintiff had an outstanding balance of $33,910.40 that was due in full. (Exhibit A).

23. In February 2014, Viking employee/collector Melissa Adams began to harass and embarrass Plaintiff into paying the alleged debt by making phone calls to Plaintiff's wife at her place of employment and Plaintiff's sister. Her conduct was outrageous and plainly in violation of the law as outlined below.

24. On February 3, 2014, Ms. Adams made a phone call to Plaintiff's wife, Kim Bentele, at her place of employment, Butterworth Hospital in Grand Rapids, Michigan, which included inappropriate disclosure of the alleged debt. During this call Ms. Adams was rude and condescending, and she illegally misstated facts and law to Ms. Bentele including but not limited to the allegation that Plaintiff owes money and that Ms. Adams can call Ms. Bentele at work whenever she wants. Ms. Adams also pressured Ms. Bentele with questions about Plaintiff such as "when is he going to pay his debt", "where is he employed", "why isn't he

employed" and other harassing statements and questions which caused Ms. Bentele stress and embarrassment.

25. Ms. Adams made a phone call on February 3, 2014, to Plaintiff's sister Lynda Forty at (847) 922-0647. Ms. Adams left a voice message saying that she was trying to reach Ryan Bentele and asking Ms. Forty to have Ryan Bentele return her phone call at (800) 222-8738. In her message, Ms. Adams did not indicate that the message was from a debt collector or that the message was an attempt to collect a debt or that any information obtained would be used for the purpose of debt collection.

26. Plaintiff never gave Viking or Ms. Adams any authorization to contact third parties regarding the alleged debt.

27. The above phone calls were not made for the purpose of "acquiring location information," as Viking and Ms. Adams already had that information.

28. Furthermore, the calls went beyond "acquiring location information" and were otherwise in violation of the FDCPA and Michigan law.

29. As the result of the facts alleged above, Plaintiff has suffered damages, including actual damages and emotional distress.

### COUNT I - FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### BOTH DEFENDANTS

30. Plaintiff incorporates the preceding allegations by reference.

31. Viking, at all times relevant hereto, and in the ordinary course of business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

32. Viking and Ms. Adams have engaged in violations of the FDCPA, including but not limited to:

    (a) Communicating with any person other than the consumer in violation of 15 U.S.C. § 1692b;

    (b) Communicating with a consumer in violation of 15 U.S.C. § 1692c(a);

    (c) Communicating with a third party without consent of the consumer given directly to the debt collector in prohibition of 15 U.S.C. § 1692c(b);

    (d) Engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt in prohibition of 15 U.S.C. § 1692d;

    (e) Using false, misleading or unfair representations or means to collect a debt in violation of the general prohibitions in 15 U.S.C. § 1692e;

    (f) Using unfair or unconscionable means to collect a debt, in violation of the general prohibitions in 15 U.S.C. § 1692f.

33. Plaintiff has suffered damages as a result of these violations of the FDCPA.

## COUNT II - MICHIGAN OCCUPATIONAL CODE
## DEFENDANT VIKING ONLY

34. Plaintiff incorporates by reference all facts and allegations set forth in this complaint.

35. Constar is a "collection agency" under MCL §339.901(f)

36. Defendant's foregoing acts and omissions in attempting to collect the alleged debts described herein against Plaintiff constitute violations of the Occupational Code, including, but not limited to:

    a. Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt.

    b. Failing to send Plaintiff a letter within five days after their initial communication as mandated by MCL §339.918.

  c. Communicating in a misleading or deceptive manner.

  d. Misrepresenting the legal rights of the debtor or creditor.

  e. Communicating with the debtor without accurately disclosing the caller's identity.

37. These violations of the Michigan Occupational Code by Defendants were willful.

38. Plaintiff has been harmed by these violations in an amount to be determined at trial, and Constar violations constitute flagrant violations requiring treble damages.

## DEMAND FOR JUDGMENT AND RELIEF

39. Accordingly, Plaintiff seeks Judgment against Defendants for:

a. Equitable relief under the Michigan Occupational Code in the form of a declaration that the amount sought is not actually owed and an injunction prohibiting further collection activities;

b. Actual damages in accordance with 15 U.S.C. § 1692k(a)(1);

c. Statutory damages in accordance with 15 U.S.C. § 1692k(a)(2)(A);

d. Court costs and attorney fees in accordance with 15 U.S.C. § 1692k(a)(3) and M.C.L. §339.916;

e. Treble damages;

f. Such further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands Trial by Jury.

>Respectfully submitted,
>
>By: **/S/ Adam S. Alexander**
>ADAM S. ALEXANDER (P53584)
>MARK P. ROMANO (P44014)
>Attorneys for Plaintiff
>801 W. Ann Arbor Trail, Ste. 232
>Plymouth, MI    48170
>(734) 207-3377
>adalesq@gmail.com

February 14, 2014